UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles Blevins,

    Plaintiff,

v.

Rebecca Casto, *et al.*,

    Defendants.

Case No. 2:18-cv-740

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Charles Blevins ("Plaintiff") is a state inmate proceeding without the assistance of counsel. He filed this action against employees at Chillicothe Correctional Institution ("CCI") pursuant to 42 U.S.C. § 1983. Magistrate Judge Vascura issued a report and recommendation ("R&R") granting Plaintiff's motion to proceed *in forma pauperis* ("IFP") and, after conducting an initial screening of his Complaint pursuant to 28 U.S.C. § 1915(e), recommended dismissal of Plaintiff's claims, denial of Plaintiff's motion to amend, ECF No. 7, and denial as moot of Plaintiff's motions for counsel, ECF No. 2, and for injunctive relief, ECF No. 3. R&R, ECF No. 9. Plaintiff filed a timely objection. ECF No 12.

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly

objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge construed Plaintiff's Complaint as asserting five claims. The Court will address Plaintiff's objections according to the order in which the Magistrate Judge discussed his claims.

### A. Access to Courts/Post Conviction Relief

Plaintiff asserted a claim against CCI, stating that it failed to timely provide him with his medical records, which, if received, would have affected his post-conviction relief motions in state court. The Magistrate Judge cited three reasons why Plaintiff's first claim failed: it was time-barred due to the statute of limitations; it failed to state a claim on the merits; and it was improperly brought under § 1983 instead of in habeas. R&R 4–7, ECF No. 9.

Plaintiff objects to the R&R's finding that his claim is time-barred, contending that the statute of limitations is tolled. Obj. 2–3, ECF No. 12. Within his Complaint and first objection, Plaintiff asks the Court to review his state court briefs and determine if they are meritless because "if this court does not decide the state court claims, how would it know that the claims were non frivolous . . . ." *Id.* at 3. In essence, it appears that Plaintiff is arguing that this Court needs to rule in his favor and find that there was a § 1983 violation, so that he can raise a meritorious motion for a new trial in state court. *See id* at 3. Plaintiff further argues that Defendants violated his rights by failing to turn over his medical

records in a timely fashion, and that but-for this untimely delay in production, he would have been able to obtain proof of his mental illness and receive a new trial. *Id.* at 4. To support his objection, Plaintiff attaches various state-court filings and prison grievance documents from 2015. *See* ECF No. 12-2.

Upon *de novo* review, the Court finds Plaintiff's first claim to be without merit. Regardless of whether Plaintiff's medical records would have made an impact on his motion for a new trial in 2015, the Magistrate Judge was correct that it is time-barred, fails to state a claim, and is improperly brought under § 1983. All of Plaintiff's arguments and documents revolve around requests in 2013 and 2015 for his medical records. It appears that Plaintiff believes the medical records from a previous stint in prison, 1991 and 2000 respectively, would show that he had post-traumatic stress disorder ("PTSD") at the time he committed the murder for which he is currently serving time and that evidence of his PTSD diagnosis would result in a new state-court trial. *See generally* Obj., ECF No. 12.

But, Plaintiff brought this lawsuit in 2018; thus, the Magistrate Judge is correct that Ohio Revised Code § 2305.10's two-year statute of limitations, which applies to § 1983 claims—rendered Plaintiff's claim—to the extent it could even be brought under § 1983—as time-barred. Plaintiff seems to argue that his claim is not time-barred because the trial court denied his motion for a new trial on July 25, 2017. Obj. 5, ECF No. 12. However, the alleged injury of the delay in producing the medical records occurred prior to July 25, 2017, and to the extent

Plaintiff seeks to appeal the state trial court's denial of his motion for a new trial, he must file such an appeal with the appropriate state appellate court.

Moreover, Plaintiff's first claim for relief otherwise failed to state a claim. Plaintiff has not adequately pled that his failure to receive the medical records resulted in his denial of a motion for a new trial. As the Magistrate Judge explained, "Criminal Rule 33(b), upon which Plaintiff relies, provides as follows: 'Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.' . . . [and] [g]iven that Plaintiff was convicted of murder in 2002, any motion Plaintiff may have filed in 2013, when he requested the medical records, would have been untimely." R&R 6, ECF No. 9. The Court agrees with the Magistrate Judge's reasoning.

Finally, the Court will not review Plaintiff's post-conviction materials he filed (or wants to file) in state court and offer an advisory opinion as to the merits. Plaintiff must challenge his state-court conviction and sentence through the proper habeas procedures, not under § 1983. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011). Accordingly, the Court finds that the first claim is time-barred, fails to state a claim, and is otherwise improperly brought under § 1983. Plaintiff's objection is **OVERRULED** as to claim one.

### B. Medical Indifference

Plaintiff also asserted a claim for deliberate indifference to a serious medical need in that during his incarceration in 1991 and 2000, unnamed prison officials neglected to test and treat him for PTSD. The Magistrate Judge found

that this claim was time-barred and failed to state a claim on the merits. R&R 7–9, ECF No. 9.

Although Plaintiff objects to the Magistrate Judge's R&R generally, he does not provide any reason or specific objection as to why his alleged injuries that occurred in 1991 and 2000 are not time-barred. Plaintiff's attached medical documents, offered as Exhibits, do not cure the statute of limitations defect. Nor is it clear from the Exhibits attached that he was denied mental health treatment or that there was an objectively serious medical need, Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [if the medical needs were not treated]"; Defendants actually drew the inference; yet, recklessly disregarded the risk of serious harm to Plaintiff. *Barnett v. Luttrell*, 414 F. App'x 784, 78788 (6th Cir. 2011). Instead, the documents and his allegations at most show that he was evaluated at some point, and upon release from prison custody, suffered symptoms that could be attributed to his mental health problems. *See* Obj. 9, ECF No. 12. But it is not enough for Plaintiff to merely recite the requisite elements of a deliberate indifference claim without providing plausible facts in support, as he did here. *See Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, Plaintiff's objection to the second claim is **OVERRULED**.

### C. Access to Courts, Retaliation, Property Loss, and Conspiracy

For his third claim, Plaintiff states that another inmate in his unit got into a fight with a correctional officer. He asserts that as a result of that fight, the whole unit was punished, including having their personal property vandalized and/or seized by prison officials. Plaintiff concedes that most of his property was returned, but asserted that CCI officials stole his legal documents, thereby hindering his ability to petition for a new trial and prosecute this current case. The Magistrate Judge found that Plaintiff failed to state a First Amendment retaliation claim or access to courts claim because he failed to allege that he engaged in protected conduct. R&R 11, ECF No. 9. Likewise, to the extent Plaintiff was attempting to assert a procedural due process claim for the loss of his legal documents, the Magistrate Judge found that he had failed to allege that the Ohio process was inadequate. *Id.* Finally, the Magistrate Judge found that Plaintiff failed to state a claim for relief as to the conspiracy claim, concluding that "Plaintiff's allegations constitute mere speculation and conjecture and cannot support a claim [that] Defendants Casto and Shoop conspired to violate his constitutional rights." *Id.* at 13.

It is difficult to decipher some of the perceived defects Plaintiff asserts with respect to the third claim; however, the gist is that he believes there was a conspiracy to disrupt his access to the courts starting in 2013—with the failure to provide his medical records—through 2018 when CCI officers stole his legal documents and medical records to prevent him from filing lawsuits.

But here, even accepting Plaintiff's allegations as true, he has failed to state a claim that a civil conspiracy existed to disrupt his access to the courts or to retaliate against him for filing lawsuits. First, to state a claim for a civil conspiracy under § 1983, the Sixth Circuit has explained that:

> A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. *Spadafore v. Gardner*, 330 F.3d 849, 854 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). To prevail on a civil conspiracy claim, a plaintiff must show that (1) a single plan existed, (2) the defendants shared in the general conspiratorial objective to deprive plaintiff of his constitutional or federal statutory rights, and (3) an overt act was committed in furtherance of the conspiracy that caused injury to the plaintiff. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); *Bazzi*, 658 F.3d at 602.

*Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988 (6th Cir 2012) (internal quotation marks omitted).

Here, Plaintiff has not pled with any degree of particularity that there was a single plan to disrupt his access to the courts in retaliation nor any actual injury as a result. Merely alleging that Defendants "knew" he planned to file a lawsuit is not enough to establish the elements of a civil conspiracy. Plaintiff's contention that this current case would not have been recommended for dismissal if he had been able to access his legal papers is not persuasive, as it is clear from the Magistrate Judge's R&R and this Opinion that Plaintiff's claims fail for a number

of reasons, regardless of whether he had attached more documents. Nor is the fact that his prison grievances regarding the return of his documents were denied enough to establish a constitutional violation. *See Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("mere denial of a prisoner's grievance states no claim of constitutional dimension"). Plaintiff's objection as to his third claim is **OVERRULED**.

### D. Equal Protection

Plaintiff asserted that he was denied meaningful access to the courts and equal protection of the law when his requests for his medical records was denied. He asserted that only the wealthy inmates were able to get their records because they could afford to hire an attorney to get the records released. Plaintiff further alleged that there was an unwritten policy at CCI requiring a court order before medical records would be released. Compl. 6–7, ECF No. 1-1. The Magistrate Judge concluded that Plaintiff's claim was time-barred because the alleged refusal to release the medical records took place in 2013, and he otherwise failed to state a claim for relief because indigent defendants are not a protected class under the Equal Protection Clause. R&R 14, ECF No. 9.

On objection, Plaintiff makes similar arguments as in his Complaint that he is an indigent person, and he was treated differently than inmates with money

and resources because he was denied access to his medical records.[1]  He further asserts that, when he did receive the records, the text was too light (and presumably difficult to read) thereby "making them unworthy legal papers." Obj. 20, ECF No. 12.

But contrary to Plaintiff's assertions, low socioeconomic status is not a protected class.  See Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997) (prisoners and indigents are not a suspect class under the Equal Protection Clause).  Nor has Plaintiff provided facts or directed the Court to specific portions of the statute to demonstrate that Defendants intentionally discriminated against him because he was indigent.  Thus, even if Plaintiff's claim was once again not time-barred because he requested these documents in 2013, it would otherwise fail to state a claim for relief because he has not shown that a state actor intentionally discriminated against him without any rational basis because he was indigent.  See Johnson v. Bredesen, 624 F.3d 742, 746 (6th Cir. 2010) ("The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis."). The Court will not strike down a statute, in this case Plaintiff is requesting we strike Ohio Revised Code § 5120.21 dealing with inmate records, under rational

---

[1] The Court presumes Plaintiff indicates there is disparate treatment because he was not able to afford to pay for copies of the records or pay for an attorney to obtain the records.

basis review "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." *Vance v. Bradley*, 440 U.S. 93, 97 (1979). Here, Plaintiff has failed to provide any factual allegations of discriminatory intent or disparate treatment, thus his objection to claim four is **OVERRULED**.

### E. Due Process, Retaliation, and Eighth Amendment

Finally, Plaintiff asserted in his Complaint that he was retaliated against in violation of his Due Process and Eighth Amendment rights because his grievances were not timely responded to, CCI employees failed to hold a protective custody hearing when he requested one, issued a conduct report against him, and placed him in a prison in Mansfield, Ohio, which is a hardship for his visitors. The Magistrate Judge found that Plaintiff failed to state a claim for relief as to all of these alleged violations. R&R 15–16, ECF No. 9.

Plaintiff only submitted a general objection to this claim and cited he needs injunctive relief, without providing any specifics. Thus, he has waived *de novo* review of this claim. The Magistrate Judge's R&R is **ADOPTED** as to claim five.

### F. Plaintiff's Other Pending Motions

The Magistrate Judge recommended denying Plaintiff's motion to amend, ECF No. 7, because any such amendment would be futile under Federal Rule of Civil Procedure 15(a)(2). R&R 17, ECF No. 9. Additionally, because the Magistrate Judge recommended denial of all of Plaintiff's other claims, she also

recommended that his motion for injunctive relief be denied as moot, ECF No. 3. *Id.* at 18. Plaintiff does not make any objection as to these recommendations, and, thus, waives *de novo* review of these recommendations. Therefore, the R&R is **ADOPTED** as to these motions.

## IV. CONCLUSION

Accordingly, for the reasons stated in this Opinion, Plaintiff's objections are **OVERRULED** and the Magistrate Judge's R&R is **ADOPTED** in full. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal *in forma pauperis*. The Clerk is directed to enter final judgment, terminate all pending motions, and close this case.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**